Salvador Martinez
Federal Register No. 14079-031
USP-Terre Haute
P.O. Box 33
Terre Haute, IN 47808



UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Civil Case No.   08-3008-SAC

SALVADOR MARTINEZ
USP-Terre Haute
P.O. Box 33
Terre Haute, IN 47808

    Plaintiff,

    v.

RONALD E. WURTZ, Esquire
Attorney At Law
424 South Kansas Ave., Room-205
Topeka, Kansas 66603-3439

    Defendant.

## COMPLAINT FOR DAMAGES

**NOW COMES SALVADOR MARTINEZ,** the plaintiff in pro se ("plaintiff"), in pro se and hereby files the foregoing complaint for damages against the defendant RONALD E. WURTZ, Esquire, based on allegations of legal malpractice and negligence. In support of the foregoing complaint, plaintiff states as follows:

### A. PARTIES

1. Salvador Martinez, the plaintiff is a citizen of the State of Indiana and is presently confined at the United States Penitentiary in Terre Haute, Indiana. Plaintiff legal mailing address is as follows:

Salvador Martinez
Fed. Reg. No. 14079-031
USP-Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Defendant RONALD E. WURTZ, Esquire is an attorney practicing law in the State of Kansas, and is a citizen of the State of Kansas. Defendant's legal mailing address is as follows:

Ronald E. Wurtz, Esquire
Attorney At Law
424 South Kansas Ave., Room 205
Topeka, KS 66603-3439

## JURISDICTION

This cause of action is brought pursuant to 28 USC § 1332(a)(1), which provides in pertinent part: (a) the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between (1) citizens of different states.

## ALLEGATIONS

On or about January 9, 2001, defendant RONALD E. WURTZ, Esquire (Attorney at Law) was appointed to represent plaintiff in a criminal matter entitled United States v. Martinez, United States District Court District of Kansas, Case No. 99-40072-RDR. Defendant was appointed to represent defendant under the Criminal Justice Act (18 USC § 3006A).

Plaintiff's case arose from a superseding indictment which was returned on November 1, 2000, and charged plaintiff with conspiracy to possess with intent to distribute and possession with intent to distribute 500 grams or more of methanphetamine.

On April 9, 2002, plaintiff was found guilty by a jury and was thereafter sentenced to serve life imprisonment.

Between January 9, 2001 and April 26, 2006, defendant Wurtz falsely and negligently represented to plaintiff, the United States Districty Court for the District of Kansas and the United States Department of Justice/United States Government, that he possessed the requisite knowledge and ability to adequately defend plaintiff in the aforementioned complex legal proceeding.

In fact, defendant did not possess the required skill, continuing education and ability to represent plaintiff in this complex matter.

Further, Mr. Wurtz violated the American Bar Associations Formal Ethics Opinion No. 06-441, by unethically maintaing an excessive caseload which resulted in interferance with his ability to pro vide the high standard of representation provided for in the ABA's model Rules of Professional Conduct, which, unfortunately, resulted in plaintiff being convicted. (This direct averment complies with the "simple, concise and direct...," requirement of Fed.R.Civ.P. 8(e)(1). Further,  Fed.R.Civ.P. 8(a) provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief...shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several differnt types may be demanded.

See generally, Conley v. Gibson, 355 U.S. 41, 47 (1957) (The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests); Benefield v. McDowall, 241 F.3d 1267, 1270 (10th Cir. 2001).

Opinion No. 06-441, advises appointed counsel in criminal cases to refuse to accept new clients or to withdraw from existing client relationships when excessive caseloads interfere with thier ability to provide all of their clients with the high standard of representation provided for by the ABA's Model Rules of Professional Conduct.

The opinion isbased on a number of specific rules that mandate all lawyers, including those who represent indigent defendants, and it requires that the lawyer must provide thier clients with adequate representation. The rules specifically state that a lawyer shall provide competnent and diligent represen- tation, and shall consult with the client and keep the client properly informed about the case. See ABA's Model Rule 1.1, 1.3 and 1.4. Moreover, in relevant part, the opinion states:

If workload prevents a lawyer from providing competent and diligent representation to existing clients, she must not accept new clients. If the clients are being assigned through a court appointment system, the lawyer should request that the court not make any new assignments. Once the lawyer is representing a client, the lawyer must move to withdraw from representation. If the court denies the lawyers motion to withdraw, and any available means of appealing such a ruling is unsuccessful, the lawyer must continue with the representation while taking whatever steps are feasable to insure that she will be able to competently and diligently represent the defendant.

The ABA ethics opinion covers all lawyers employed to represent indigent defendants, both those who receive appointments directly from the court, and those who provide defense services as part of a public defenders office or law firm.

For the former group, the ABA advises a lawyer with an excessive caseload to first ask the court to refrain from assigning the lawyer new cases. Secondly, if the lawyer finds that limiting the amount of new cases he takes does not sufficiently reduce his workload, the opinion advises the lawyer to file a motion in the trial court asking for permission to to withdraw from a number of existing cases sufficient to bring his caseload back to a managable level.

If the court denies the lawyers request for permission to withdraw from a case, the lawyer must continue to provide

adequate representation for the client. For lawyers who represent indigent defendants through a public defender's office or law firm, the opinion advises the lawyer to avail himself of three opitions to reduce his caseload: (1) transfer "non-representational responsibilities" (including managerial responsibilities) to others within the office, (2) refuse new cases, and (3) transfer current cases to another lawyer within the office who can reasobable handle additional cases.

The oninion guides lawyers to first work with their supervisors to lower their workloads. If the lawyer's immediate supervisor does not provide the relief the lawyer seeks, the opinion further instructs the lawyer to continue to request such relief from others, until he is granted relief or reaches the head of the public defenders office. When a public defender works with his supervisor to lower his workload, the supervisor's reasonable resolution of the problem is viewed as " a reasonable resolution to an arguable question of professional duty," as provided for in Rule 5.2(b).

However, where the supervisor does not offer the lawyer a reasonable resolution, by such means as appealing to the governing board of the public defender's office, or if neccessary, filing a motion in court requesting permission to withdraw from a number of cases requisite to allow the lawyer to adequately represent his other clients.

In addition to guiding individual lawyers, the opinion also

addresses the ethical obligation of lawyers who supervise public defenders. The opinion states that supervisors must moniter their subordinates caseloads, in order to comply with Rule 5.1, which in part, requires supervising lawyers to ensure that their subordinates provide competent representation to clients. Within this ethical duty, if a supervising lawyer finds that one of his subordinates lawyers is carrying an exsessive caseload, the opinion says that the supervisor should work to secure a more managable workload for that lawyer.

Steps a supervisor might take include:

Re-assigning the subordinate lawyer's non-representantional duties or cases to others in the office; supporting the subordinate lawyers efforts to withdraw from representation of a client, if no other lawyer within the office can take on that case; and finally, if the court denies the lawyer's request to withdraw, providing the subordinate lawyer with any additional resources that would help the lawyer provide competent and diligent representation.

Opinion 06-441 represents the first time the ABA Ethics Committee has addressed the topic of excessive caseloads with respect to Public Defenders. However, the opinion's mandate to lawyers who represent indigent defendants that they must work to make their workloads more managable is not a novel idea. Long before the issuance of Opinion 06-441, the ABA, governmental bodies, and legal organizations had been advising

lawyers to refuse to accept new cases or to withdraw from existing ones, when excessive.

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thouroughness, and preperation reasonably neccessary for the representation.

In determining wether a lawyer employs the requisite knowledge and skill in a particular matter, revelant factors include the relative complexity and specialized nature of the matter, the lawyer's general experience, the lawyer's training and experience in the field in question, the preparation and study the lawyer is able to give the matter, and wether it is feasable to refer the matter to, or associate or consult with, a lawyer of established competence in the field in question. In many instances, the required proficiency is that of a general pracitioner. Expertise in a particular field of law may be required in some circunstances.

A lawyer need not neccessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar. A newly admitted lawyer can be as competent as a practitioner with long experience. Some important legal skill consists of determining what kind of legal problems a situtation may involve, a skill that necessarily trancends any specialized knowledge.

A lawyer can provide adequate representation in a wholly novel field through necessary study, however, defendant in the instant case, failed to adequately study and prepare to defend plaintiff's novel case. Further, notwithstanding the fact that defendant failed to study in order to adequately represent this plaintiff's criminal case, at the minimum, defendant could have, but failed to provide competent representation through the association of another lawyer of established competence in the field in question.

Of course, competent handling of any paticular matter includes inquiry into and analysis of factual and legal elements of the case, and use of methods and procedures meeting the standards of competent practitioners. This also includes adequate preparation, which defendant in the instant case utterly failed to do. The required attention and preparation are determined in part by what is at stake (here plaintiff stood to be sentenced to a life sentence); and major criminal litigation such was the case here, requires more extensive treatment than matters of lesser complexity and consequence. To maintain the requisite knowledge and skill, a lawyer must keep abreast of changes in the law and its  practice, engage in continuing study and education and comply with all continuing education requirements to which the lawyer is subject, and defendant flatly failed to do so in the instant case. A lawyer shall abide by a client's decision as to plea to be considered or entered, whether to waive jury trial and whether the client will testify. Defendant here refused to comply with these requirements.

## CAUSE OF ACTION

Defendant **RONALD E. WURTZ**, comitted negligence and malpractice; breach a duty owed plaintiff. Under Kansas law, legal malpractice generally constitutes both tore and a breach of contract. See, e.g., Turner and Boisseau v. Nationwide Ins. Co., 989 F. Supp. 1359, 1362 (D. Kan. 1997).

## REQUESTED RELIEF

Compensatory damages in an amount no less than 5,000,000,00;

Punitive damages in the amount of 15,000,000,00.

Disbarment of defendant **RONALD E. WURTZ**, for a period of no less than 5 years;

Trial by jury on all triable issues.

Wherefore, all premises considered, plaintiff prays for the relief requested herein.

Dated; Dec. 18, 2007

Respectfully submitted,

S/

Salvador S. Martinez.