```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**SALVADOR S. MARTINEZ,**

                **Plaintiff,**

        **v.**                             CASE NO.  08-3008-SAC

**RONALD E. WURTZ,**

                **Defendant.**

### O R D E R

This "complaint for damages" was filed by an inmate serving a federal sentence in the United States Penitentiary, Terre Haute, Indiana.  Plaintiff sues the attorney that represented him in his federal criminal proceedings for damages based upon claims of "legal malpractice and negligence."  He asserts diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and advises his claims "sound in both tort and contract" under state law.  He also moves for leave to proceed without prepayment of fees, and for service of summons on defendant.

In support of his claims, Mr. Martinez alleges that defendant Wurtz is an attorney practicing law in the State of Kansas and is a Kansas resident.  He further alleges defendant was appointed under the Criminal Justice Act, 18 U.S.C. § 3006A, "to represent plaintiff in criminal proceedings in this court in <u>United States v. Martinez</u>, Case No. 99-40072-RDR (D.Kan.).  On April 9, 2002, plaintiff was found guilty by a jury of conspiracy to possess with intent to distribute methamphetamine and sentenced to life in prison.  He alleges that between January 9, 2001, and April 26, 2006, defendant Wurtz "falsely and negligently" represented to

plaintiff and the court that he "possessed the requisite knowledge and ability to adequately defend plaintiff" in the criminal proceedings. He claims defendant violated American Bar Association ethical standards by "maintaining an excessive caseload," which interfered with his ability to represent plaintiff and resulted in plaintiff being convicted, and that defendant failed to study and otherwise prepare in order to adequately represent him in his "novel" criminal case. Plaintiff indicates in other filings that defendant was an attorney appointed from the office of the Federal Public Defender. Plaintiff seeks compensatory and punitive damages, and disbarment of defendant Wurtz for at least 5 years.

**FILING FEE**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. 28 U.S.C. § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the monthly average of the 6 months deposits to plaintiff's account has been $92.55 and the average monthly balance has been much less. The court therefore assesses an initial partial filing fee of $18.50, twenty percent of the average monthly deposits, rounded to the

lower half dollar[1].  Plaintiff must submit the initial partial filing fee before this action may proceed further.

**SCREENING**

Because Mr. Martinez is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed.

**CLAIMS PREMATURE UNDER HECK**

The court first finds the complaint is subject to being dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).  Heck held that when a judgment for damages in plaintiff's favor (such as on ineffective assistance of counsel claims) in a civil rights action necessarily would imply the invalidity of his criminal conviction, plaintiff's civil cause of action does not arise until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  See id. at 486-87.  In

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). The court notes that plaintiff has filed two other actions identical to this, except that a different public defender is named as defendant, and has moved to proceed in forma pauperis in those actions as well.  He may not be required to pay an initial partial filing fee in his other two cases, but the total fees due in those cases will be "stacked" onto the fees herein and he will be obligated to pay the full $350.00 fee in each of the three cases filed by him through payments deducted from his inmate account.

3

other words, plaintiff must first successfully adjudicate his claim that he was wrongfully convicted due to his defense attorney's malpractice or ineffectiveness before he may sue his attorney for money damages in a civil action.  Plaintiff's conviction does not appear to have been overturned, and his claim for damages for what amounts to ineffective assistance of defense counsel are premature and barred under Heck[2].

**DIVERSITY JURISDICTION NOT CLEARLY ESTABLISHED**

Second, plaintiff has not clearly established jurisdiction in this court.  He asserts diversity jurisdiction[3] over his state law legal malpractice claims, and alleges in support that defendant Wurtz is a Kansas citizen while plaintiff is a citizen of Indiana. Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.  A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking.  There is a presumption against

---

[2] Although Heck involved a civil rights complaint brought under 42 U.S.C. § 1983, courts have applied the reasoning in Heck to tort claims against federal public defenders (Parris v. U.S., 45 F.3d 383, 384 (10th Cir. 1995), cert. denied, 514 U.S. 1120 (1995), as well as civil rights actions initiated in state court.  In an analgous case, the Kansas Supreme Court announced it followed a majority of other courts in adopting the "exoneration rule," which requires a person convicted of a criminal action to obtain post conviction relief before pursuing a malpractice action against his former criminal defense attorneys, and found plaintiff failed to state a claim for damages against defendant defense attorneys because he had not obtained post conviction relief.  See Canaan v. Bartee, 276 Kan. 116, 72 P.3d 911, 913 (Kan. 2003), cert. denied, 540 U.S. 1090 (2003).

[3] Section 1332(a) provides that district courts shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and the dispute is between citizens of different states. "This statute and its predecessors have consistently been held to require complete diversity of citizenship." Owen Equip., and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).  "That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.

federal jurisdiction, and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.  Mere conclusory allegations of jurisdiction are not enough.  See e.g. Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002); United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999); Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995).  Instead, a plaintiff must present facts to show jurisdiction and support those facts with competent evidence.

Normally, a person's citizenship for diversity purposes is defined as domicile, which involves physical presence in a state with an intent to remain indefinitely.  In the case of a prisoner, the Court applies the presumption that when a prisoner has been moved out-of-state by prison officials, the prisoner's citizenship for diversity purposes is in the state where he was domiciled before he was imprisoned.  Plaintiff does not allege facts showing he was domiciled in Indiana before he was imprisoned on his federal conviction.  Imprisonment in another state alone does not make that state an inmate's domicile for diversity jurisdiction purposes.

Plaintiff must allege additional facts showing his diverse citizenship, and is required to do so by submitting a "Supplement" to his complaint stating his address or residence prior to incarceration, and other facts establishing Indiana as his domicile rather than Kansas.  For example, he might state his address in Indiana prior to his imprisonment or after his release, for what purpose he was in Kansas prior to incarceration, that he never

5

relinquished his Indiana driver's license or displayed any other intent to remain indefinitely in Kansas, and that he intends to live in Indiana upon release from custody.  The court grants plaintiff time in which to provide such objective facts, and not mere unsubstantiated declarations, demonstrating his state residence and his intention to remain there indefinitely.

**CLAIMS TIME-BARRED BY STATUTE OF LIMITATIONS**

In addition, it appears from the face of plaintiff's pleading that most if not all his state law claims based on negligence or malpractice are time-barred by the two-year statute of limitations for bringing such actions.  Morrison v. Goff, 91 P.3d 1050, 1058 (D.Colo. 2004)(A criminal defendant must file a malpractice action within two years of discovering an attorney's negligence); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)(setting forth rule concerning relevant statute of limitations and approving sua sponte dismissals based on affirmative defenses that are obvious from the face of the complaint); Ellibee v. Chappas, 237 Fed.Appx. 329 (10th Cir. 2007)(Malpractice against an attorney sounds in tort and not contract.  Thus the two-year limitations period governing tort claims applies to a malpractice claim, rather than the three-year sol for contract claims.); See also Canaan, 72 P.3d at 911 (explaining that when there is a contractual relationship as well as one that arises out of a legal duty like the attorney-client relationship, it is the breach of the duty that gives rise to a tort action and not the contract itself).

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty

6

(30) days in which to submit to the court an initial partial filing fee of $ 18.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must file a Supplement to his complaint in which he alleges facts in support of his statement that he is a resident of Indiana; and a Response to this Order showing cause why this action should not be dismissed as premature under <u>Heck</u> and as time-barred by the statute of limitations as discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Service (Doc. 3) is denied at this time, but without prejudice, as the court will automatically direct the U.S. Marshal to serve process if this action survives screening.

**IT IS SO ORDERED.**

Dated this 6th day of February, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge