IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SALVADOR S. MARTINEZ,

                Plaintiff,

       v.                        CASE NO. 08-3008-SAC

RONALD E. WURTZ,

                Defendant.

**O R D E R**

In this civil action, a prison inmate sues the federal public defender[1] who represented him in federal criminal proceedings, for damages based upon claims of "legal malpractice and negligence." He asserts diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and advises his claims "sound in both tort and contract" under state law.

On February 6, 2008, this court screened the complaint pursuant to 28 U.S.C. § 1915A(a) and (b), and entered an Order finding the action subject to being dismissed because plaintiff did not allege sufficient facts establishing diversity jurisdiction, as premature under Heck, and as apparently barred by the two-year statute of limitations. Plaintiff was given time to file a

---

[1] Plaintiff alleges that defendant Wurtz is an attorney practicing law in the State of Kansas and is a Kansas resident. He further alleges defendant Wurtz was appointed under the Criminal Justice Act, 18 U.S.C. § 3006A, "to represent plaintiff in criminal proceedings in this court in United States v. Martinez, Case No. 99-40072-RDR (D.Kan.). Plaintiff indicates in other filings, and the record in his criminal case confirms, that defendant Wurtz was appointed from the office of the Federal Public Defender.

response showing cause why the action should not be dismissed. In the same Order, the court assessed an initial partial filing fee, which plaintiff has now paid.[2]

Mr. Martinez has filed his "Return" to the court's prior Order, and an affidavit in support of his allegation that he is a citizen of the State of Indiana. The court finds that plaintiff has submitted sufficient facts show his citizenship is diverse from that of defendant's. Nevertheless, the court concludes this action should be dismissed.

**FACTUAL BACKGROUND**

On April 9, 2002, plaintiff was found guilty by a jury of possessing, and conspiring to possess, more than 500 grams of methamphetamine and sentenced to life in prison. In 2005, his life sentence was vacated based upon a change in the law, after his initial sentencing but before conclusion of the appellate process, published in United States v. Booker, 534 U.S. 220 (2005). Plaintiff was re-sentenced in 2007, to two concurrent terms of 240 months imprisonment, plus two concurrent terms of 5 years post-release supervision.

Plaintiff generally alleges that between January 9, 2001, and April 26, 2006, defendant Wurtz "falsely and negligently"

---

[2] As plaintiff was previously informed, pursuant to 28 U.S.C. §1915(b)(1), he remains obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

represented to plaintiff and the court that he "possessed the requisite knowledge and ability to adequately defend plaintiff" in the criminal proceedings. He claims defendant violated American Bar Association ethical standards by "maintaining an excessive caseload," which interfered with his ability to represent plaintiff and resulted in plaintiff being convicted, and that defendant failed to study and otherwise prepare in order to adequately and competently represent him in his "novel" criminal case. Plaintiff seeks compensatory and punitive damages, and disbarment of defendant Wurtz for at least 5 years.

At the outset, the court notes it has no authority to enter an order in this action disbarring defendant Wurtz from the practice of law. Attorney disciplinary proceedings must be initiated through the Office of the Disciplinary Administrator.

**STATUTE OF LIMITATIONS**

In response to the court's prior finding that most of plaintiff's claims appear to be barred by Kansas' two-year statute of limitations for tort actions, K.S.A. § 60-513(a)(4), plaintiff argues that his claims accrued when he actually became aware of defendant's malpractice, which he alleges was in May, 2006[3].

---

[3] Plaintiff alleges that defendant Wurtz represented him up to and including May, 2006, and he did not become aware of defendant's alleged legal malpractice and negligence "until thereafter." Based on these allegations, he argues his claims did not accrue until May, 2006, and his complaint, filed before May, 2008, was timely.
    The court takes judicial notice of the docket sheet in petitioner's criminal case. That record shows Mr. Wurtz was appointed to represent Mr. Martinez in January 9, 2001, and allowed to withdraw on April 2, 2001. A different attorney, Mr. Sachse, represented Mr. Martinez at his criminal trial,

3

Although the court is not persuaded by plaintiff's allegations that he was unaware of defendant's alleged negligence until more than four years after his conviction, suffice it to say that this court cannot and need not determine when plaintiff's claims accrued.  The resolution of this legal issue is not necessary at this juncture because plaintiff's claims are found to be premature.  In other words, plaintiff's claims have not yet accrued, under Heck as well as the "exoneration rule" applicable under Kansas law.

**ACTION PREMATURE UNDER EXONERATION RULE**

Kansas is "one of the majority of states" that requires a legal malpractice plaintiff claiming his former criminal attorney was negligent to have previously obtained post-conviction relief. When the Kansas Supreme Court adopted the exoneration rule it recognized, by implication, that a legal malpractice claim would not "accrue" until exoneration occurred.  See Canaan v. Bartee, 276 Kan. 116, 131-32, 72 P.3d 911 (Kan.), cert. denied, 540 U.S. 1090 (2003)(Under the theory of exoneration "a plaintiff has no cause of action until he or she can establish the causation element of his or her claim," and "the plaintiff has no cause of action deserving

---

which began on April 1 and concluded on April 9, 2002.  Mr. Sachse was allowed to withdraw and Mr. Wurtz was appointed again on August 5, 2002.  Wurtz apparently represented plaintiff during his initial appeal and at the time his sentence was vacated.  On October 19, 2005, a "Notice of Defendant Request for Different Lawyer" was filed on behalf of Mr. Martinez by Mr. Wurtz, which was granted at a hearing held on April 27, 2006.  After Mr. Martinez filed his request for new counsel, Mr. Wurtz filed a Motion for New Trial on October 27, 2005, which was deferred; a Motion for Expert Visit on November 7, 2005, and a Motion to Produce Testing Materials on January 18, 2006, both of which were granted.  Mr. Martinez' earlier motion for a competency evaluation was also granted.  On May 1, 2006, Mr. Sharma-Crawford was appointed to represent Mr. Martinez.

4

of constitutional protection until exoneration occurs."). The record in plaintiff's federal criminal case indicates his conviction was affirmed for the second time on direct appeal to the Tenth Circuit Court of Appeals on February 22, 2008, (Appeal No. 07-3074), and he has not sought relief under 28 U.S.C. § 2255. The court concludes Mr. Martinez currently has no cause of action against his former defense counsel under Kansas law because he has not been exonerated.

**ACTION PREMATURE UNDER HECK**

In its prior Order, the court found this action subject to being dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and cited the holding in Heck, that when a judgment in plaintiff's favor in a civil action would necessarily imply the invalidity of his criminal conviction, the civil cause of action does not arise until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized tribunal, or called into question by the issuance of a federal habeas corpus writ[4]. See id. at 486-87. In his response, plaintiff argues he does not claim that his conviction or sentence is unconstitutional, that his defense counsel was ineffective, or any other violation of a constitutional right; rather his claims are nothing more than state tort claims of

---

[4] The Heck rule for deferred accrual is called into play when there exists "a conviction or sentence that has not been . . . invalidated." "It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." Wallace v. Kato, ___U.S.___, 127 S.Ct. 1091, 1098 (2007).

5

legal malpractice and negligence. He thus contends <u>Heck</u> is inapplicable.

However, Mr. Martinez may not circumvent the decision in <u>Heck</u> by merely stating his claims are not constitutional challenges to his conviction or sentence. Nor is the court limited to considering plaintiff's claims only as characterized by him. Instead, under <u>Heck</u>, a court is required to analyze whether or not a decision on plaintiff's claims would impugn his criminal conviction or sentence.

The only counsel errors alleged by plaintiff are trial-type errors, such as failure to adequately prepare due to an excessive caseload plus lack of expertise. Moreover, Mr. Martinez clearly complains that defendant's challenged actions or inactions "unfortunately" resulted in his conviction; and alleges no actual, compensable injury other than his being convicted. In fact, plaintiff alleges very little, if any, factual basis for his claims of incompetent representation. The court finds that success on plaintiff's claims would necessarily imply the invalidity of his criminal conviction.

The court further finds there is no indication in plaintiff's filings or the court record that the criminal proceedings concluded in his favor. Based on these findings, the court concludes plaintiff's claims are premature under <u>Heck</u>. Mr. Martinez has no cause of action based upon his claims of negligence and malpractice by defense counsel unless and until his federal conviction is determined to be invalid. <u>See</u> <u>Parris v. United</u>

6

States, 45 F.3d 383, 384 (10th Cir.), cert. denied, 514 U.S. 1120 (1995); Woodward v. Sedgwick County Jail, 927 F.Supp. 1473 (D.Kan. 1996), aff'd, Woodward v. Paige, 106 F.3d 414 (10th Cir. 1997, Table); Stephenson v. Reno, 28 F.3d 26, (6th Cir. 1994)(Where claims for money damages implicated federal conviction, Heck applied); Echols v. Dwyer, 914 F.Supp. 325 (E.D. Mo. 1996), aff'd, 104 F.3d 363 (8th Cir. 1996); St. Germain v. Isenhower, 98 F.Supp.2d 1366, 1373 (S.D.Fla. 2000)(malpractice and negligence claims against federal public defenders who represented plaintiff dismissed without prejudice under Heck); see also Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1997)(torts of false arrest and false imprisonment in connection with criminal conviction do not accrue until conviction reversed, citing Heck).

The allegations Mr. Martinez makes to support his legal malpractice claim do not differ significantly from allegations of ineffective assistance of counsel under the Sixth Amendment. See e.g., St.Germain, 98 F.Supp.2d at 1373, citing Strickland, 466 U.S. at 688, 694 ("A defendant who can show that his counsel's representation fell below an objectively reasonable standard and resulted in prejudice is entitled to have his conviction set aside."). In Kansas:

> "In order to prevail on a claim of legal malpractice, a plaintiff is required to show (1) the duty of the attorney to exercise ordinary skill and knowledge, (2) a breach of that duty, (3) a causal connection between the breach of duty and the resulting injury, and (4) actual loss or damage." Bergstrom v. Noah, 266 Kan. 847, 874, 974 P.2d 531 (1999). In addition to those four elements, to prove legal malpractice in the

> handling of litigation, a plaintiff must establish the validity of the underlying claim by showing that it would have resulted in a favorable judgment in the underlying lawsuit had it not been for the attorney's error. (Cite omitted).

Canaan, 72 P.3d at 914-15. In order to obtain reversal of a conviction based upon an ineffective assistance of counsel claim, a criminal defendant must demonstrate that (1) counsel's performance was deficient, which requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) the deficient performance prejudiced the defense, which requires showing counsel's errors were so serious as to deprive the defendant of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). As a general matter, counsel is deemed effective if his performance is reasonable under prevailing professional norms. Id. at 688. To prevail, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Likewise, in a legal malpractice action in Kansas, a plaintiff must show that his attorney failed to use that degree of learning, skill, and care that a reasonably competent lawyer would use in similar circumstances. See Bowman v. Doherty, 235 Kan. 870, 878, 686 P.2d 112 (1984)[5]. Other courts have also recognized that the standard

---

[5] In Schoonover v. State, 2 Kan.App.2d 481, 582 P.2d 292 (1978), the court noted that the "reasonably competent" standard applied to claims of ineffective assistance of counsel is shorthand for the standards and rules imposed by the Code of Professional Responsibility. They also "suppose[d]" that the reasonably competent standard "establishes a standard for malpractice, since lawyers, like other professionals, are required to have and exercise the learning and skill ordinarily possessed by members of their profession in the community."

of proof for a claim of ineffective assistance of counsel is equivalent to that for a claim of legal malpractice, while holding that a decision in one would generally have preclusive effect in another. See e.g. McCord v. Bailey, 636 F.2d 606, 609 (D.C.Cir. 1980); Praxair, Inc. v. Hinshaw & Culbertson, 235 F.3d 1028, 1031 (7th Cir. 2000)(Negligent legal representation is a failure to meet minimum professional standards, and is thus equivalent to what in Sixth Amendment cases is called ineffective assistance of counsel); Webb v. Pomeroy, 8 Kan.App.2d 246, 249, 655 P.2d 465 (Kan.App. 1982)(As to the prejudice aspect of the standard, a plaintiff in a legal malpractice case must show that but for the negligence of the attorney, the outcome of the underlying lawsuit would have been successful; which is similar to the requirement that a criminal defendant claiming ineffective assistance of counsel show that, but for counsel's errors, the result of the proceeding would have been different.); Rantz v. Kaufman, 109 P.3d 132, 140 (Colo. 2005)(Other jurisdictions that have adopted the Strickland test and examined this issue have held that the standard for proving ineffective assistance of counsel in a criminal proceeding is equivalent to the standard for proving legal malpractice in a civil proceeding [citing cases]); but see Kerkman v. Varnum, Riddering Schmidt and Howlett, 519 N.W.2d 862, 864 (Mich. 1994)(pointing to the "daunting standard for showing ineffective assistance," stating that "it cannot properly be said that a convicted person who does not

---

21 Kan.App.2d at 488, 900 P.2d 254.

prevail in an ineffective assistance case would necessarily be unable to show prejudice in a legal malpractice case").

Furthermore, while plaintiff makes the conclusory statement that defendant's negligence resulted in his being convicted, he alleges no facts suggesting that "but for" his attorney's malpractice, he would have obtained a favorable judgment. He thus has failed to allege an essential element of a legal malpractice claim under Kansas law. See <u>Ellibee v. Fox</u>, 244 Fed.Appx.839, at 842 (10th Cir. 2007), <u>citing</u> <u>Canaan</u>, 72 P.3d at 914-15.

**<u>SCREENING PROPER</u>**

Finally, plaintiff asserts that screening of the complaint in his case was improper because screening is appropriate only in cases where a prisoner sues a government entity, officer or employee. A federal public defender is an "employee of the government," even though his or her provision of legal representation under 18 U.S.C. § 3006A appears to be exempt from suit under the Federal Tort Claims Act, <u>see</u> 28 U.S.C. § 2671, as well as under <u>Bivens</u>, <u>see</u> <u>Allred v. McCaughey</u>, 257 Fed.Appx. 91 (10th Cir. 2007). In any event, an in forma pauperis complaint is subject to dismissal by the court "at any time" for frivolousness or failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed,

without prejudice, for failure to state a cause of action.

The clerk is directed to transmit a copy of this Order to plaintiff and to the financial officer at the institution where he is currently confined.

**IT IS SO ORDERED**.

Dated this 24th day of April, 2008, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge
